HEIRS OF MARÍA VICENTA CARRASQUILLO, ETC., Appellants, *v.* THE REGISTRAR OF PROPERTY OF HUMACAO, Respondent. HEIRS OF JUAN DE LA SANTA, Appellants, *v.* THE REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

Nos. O-67-236,   Decided April 24, 1968.
O-67-246.

*Faustino R. Aponte* and *Arturo Aponte Parés* for appellants. The respondent Registrar did not appear.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

These proceedings were consolidated on appeal to this Court on October 25, 1967.

In the case of Heirs of María Vicenta Carrasquillo they request the reversal of the Registrar's note denying registration in favor of the two legitimate children of María Vicenta Carrasquillo, of the undivided one-half of the property of 56.50 cuerdas of land, more or less, as property of the community partnership with her husband, Juan de Jesús de la Santa, which includes a property of 9 1/2 cuerdas which the testatrix brought to the marriage. For the purposes of its registration a certified copy of the will deed No. 53 executed on April 1, 1889, by the aforesaid deceased before Notary Bernardino Estevanez Nanclares accompanied by her death certificate and the certificate of her marriage to Juan de Jesús de la Santa was presented in the registry.

The Registrar refused to record (1) because the time of execution of the aforesaid will was not expressly stated thus rendering the will invalid; (2) because they did not present the receipt of payment or the letter exempting the payment of inheritance tax on hereditary estate; and (3) because there was inconsistency between the area of fifty-six

cuerdas and fifty hundredths with which the property is recorded in the Registry and the area of sixty-five cuerdas with which it appears in the open will and the petition presented. He set forth the latter as a curable defect.

1.—The Registrar erred in denying the registration for failure to expressly state the time of the execution of the aforesaid will. The will in this case is governed by the law in force at the time of its execution. *Náter et al.* v. *Navedo et al.*, 39 P.R.R. 710 (1929); *Landrón et al.* v. *Navedo*, 12 P.R.R. 253 (1907). The will was executed in April 1889. At that time the Spanish Civil Code which was in force in Puerto Rico at the time of the change in sovereignty was not yet in effect. It went into effect in Puerto Rico on January 1, 1890. *Torres* v. *Rubianes*, 20 P.R.R. 316, 323 (1914).

The legislation in force at the time of the execution of the aforesaid will was the *Novísima Recopilación*. Muñoz Morales, *Compendio de Legislación Puertorriqueña y sus antecedentes* 11. *Cf. Torres* v. *Rubianes*, 20 P.R.R. 316, 322, 327 (1914); *Rodríguez* v. *San Miguel*, 4 P.R.R. 193, 205 (1903). It contained no provision as to the formalities governing the execution of wills. But it was provided in its Law III, Title II, Book III, that "the disputes which cannot be settled by the laws of this our book and by the said *fueros*, we order, that they be decided by the laws of the Seven Partidas." Law CIII, Title XVIII of the Third Partida requires only that it should be stated "in what place the will was made, and in the presence of what witnesses, and the day, month, and era." The term "era" means year.[1] Therefore at the

---

[1] A noteworthy illustration of this Law is the King Don Alfonso X's will copied below from the prologue of the Seven Partidas. At the end of this will the King's notary, who wrote the will, added, as part thereof the following: "Which will was executed in Sevilla, on Sunday, November eight of the era thirteen hundred twenty-one. Witnesses which were called and requested. . . ."

aforesaid time of the execution of the will in question the law in force did not require that the time of its execution be indicated therein.

2.—It is alleged that the Registrar erred in denying registration because the payment of the inheritance tax or its exemption was not established.

It is argued that the predecessor died on April 9, 1891, so that the applicable law to determine whether or not inheritance tax is to be paid is the one which was in force then and since at that time such tax was not imposed in Puerto Rico, appellants were not bound to establish the payment thereof or the exemption of such payment. They are right.

By express provision of § 12 of Act No. 99 of August 29, 1925, as subsequently amended (13 L.P.R.A. § 901) ". . . no Registrar of Property shall record in the registry books under his charge any instrument or judicial decision, ruling, or judicial warrant authorized, rendered, or issued in connection with the partition, distribution, or delivery of such property [of a decedent] unless such receipt or receipts issued by the Secretary of the Treasury have been presented. . . ." This statutory provision is binding on registrars and when any instrument is presented for registration, whereby properties of a decedent are divided, distributed or delivered, it is their duty, before recording same, to ascertain whether the receipt issued by the Secretary of the Treasury establishing payment of the inheritance tax has been attached thereto, or whether in default of the receipt, a certificate has been presented to the effect that the property sought to be recorded is exempt from the payment of the inheritance tax. *Antongiorgi* v. *Registrar*, 78 P.R.R. 332, 333 (1955); *Nido & Cía.* v. *Registrar*, 74 P.R.R. 737, 748 (1953); *Noguera* v. *Registrar*, 72 P.R.R. 186, 189 (1951); *Blanco* v. *Registrar*, 70 P.R.R. 16, 19 (1949). The Registrar has no discretion as to whether he may exempt any person from the obligations imposed by the Act or regulations. *Nido &*

*Cía.* v. *Registrar, supra; Mari* v. *Registrar,* 72 P.R.R. 830, 832 (1951) ; *Ramos* v. *Registrar,* 69 P.R.R. 660, 663 (1949) ; *Rivera* v. *Registrar,* 64 P.R.R. 440, 444 (1945). The case of *Rovira* v. *Registrar,* 21 P.R.R. 394 (1914), is different from the case at bar. In that case the Act exempted the widow and the predecessor's children.

However, for the purposes of the inheritance tax, the law in force at the time of a person's death is the one that should be applied. *Descartes, Treas.* v. *Tax Court,* 70 P.R.R. 537, 539 (1949). The first law on inheritance tax became effective in Puerto Rico on January 31, 1901— §§ 94–105 Revenue Law of January 31, 1901 (1900–1901 Sess. Laws). The present law, which is Act No. 99 of August 29, 1925, as amended (13 L.P.R.A. §§ 881 to 905), went into effect 90 days after its approval, that is, on November 27, 1925. From the death certificate of the predecessor, which was attached to the will, it appears that the predecessor died on April 9, 1891. It is unquestionably clear that at that time there was no inheritance tax in Puerto Rico. So that it is proper to conclude that the requirement prescribed by § 12 of the present act is not applicable and that the Registrar was not bound by any law to require compliance with any such condition under the aforementioned circumstances.

3.—In the third assignment it is alleged that the Registrar committed error in determining that there is a difference in area between the property recorded in the Registry and the property described in the will, circumstance which in the Registrar's opinion constitutes a curable defect.

In the sixth clause of the aforesaid will, Doña María Vicenta Carrasquillo stated "as property of the present conjugal partnership, an estate composed of sixty-five cuerdas more or less . . . which estate includes the nine and one-half cuerdas brought to the second marriage."

Nevertheless, in appellants' petition which was attached to the will, appellants requested the Registrar to record in favor of the undivided one-half of the property of 56.5 cuerdas which is recorded in the Registry of Property.

The 9.5 cuerdas referred to in the will were brought by Doña María to the marriage and therefore they are her separate property by provision of law. Section 1299 of the Civil Code (31 L.P.R.A. § 3631).

Pursuant to Art. 61 of the Mortgage Law Regulations (30 L.P.R.A. § 919), "The following shall be recorded under a single number if the persons interested should so request, being considered a single estate, . . . *Fourth.* Adjoining tracts of land belonging to the same person. . . ."

The property described in the Registry as having 56.5 cuerdas, as we shall see in the discussion of the second consolidated appeal, belonged to the conjugal partnership composed of Doña María and Don Juan de la Santa.

Article 21 of the Mortgage Law (30 L.P.R.A. § 46) provides, in part, that "The owners of real property or property rights acquired under any universal or singular title which does not set them forth and describe them individually, may obtain their record upon presentation of such title with the document, when necessary or proper, establishing the fact that they had been conveyed to them and establishing by any other authentic document that it includes the property which they seek to have recorded."

■ Although from a literal reading of the cited provision it is inferred that it is necessary to establish by authentic document, which is the property comprised in the conveyance in question, the commentators, as well as several decisions of the General Directorate of the Registries of Spain, are of the opinion that registrations in favor of the predecessor, properly and authentically establish which is the property that, as a result of the predecessor's death, passes to the heir. They have so stated, *when the property has not been described*

*in the will.* Morell, 2 *Comentarios a la Legislación Hipotecaria* 498–499; Galindo and Escosura, 2 *Comentarios a la Legislación Hipotecaria de España* 246–247; Beraud and Lezón, 1 *Tratado de Derecho Inmobiliario* 392–444; Roca Sastre, 2 *Derecho Hipotecario* 185; Ignacio de Casso, *Derecho Hipotecario o del Registro de la Propiedad* 299–300. See, also, Resolutions of the General Directorate of the Registries of July 1, 1863; October 7, 1880; December 14, 1894; July 26, 1905. In order to record the hereditary right it is not necessary to present a petition wherein the deceased's properties are indicated. The Registrar should make the timely search for the purposes of determining the properties which are recorded in the Registry of Property in the name of the testator at the time of his death.

■ Galindo and Escosura, *supra*, state that in case the Registrar may have doubts as to the identity of the properties sought to be recorded, he may require another authentic document which establishes that those are the same properties which appear recorded.

In the case at bar, in order to record appellants' hereditary right to the property of 56.5 cuerdas, the description thereof was not required neither in the will nor in any other document.

The doubt which might have been created in the mind of the Registrar, as a result of the incorrect description of the property in the will, should have disappeared upon considering appellants' petition which accompanied the will. In said petition the recorded property object of the inheritance was correctly described and in said petition registration of the property of nine and a half cuerdas was not requested, which property was the testatrix's separate property and did not appear recorded in the Registry of Property, for which reason it could not be included with that of 56.5 cuerdas as it was sought to be done in the will.

Therefore, the entry of the said curable defect is untenable. In accordance with the doctrine previously set forth, the aforesaid discrepancy in the area of the recorded property, which appears in the description made in the will, does not bar the registration of the undivided one-half in favor of the testatrix's heirs according to her wish as expressed in the will in question.

Therefore we conclude that the Registrar's note of refusal should be reversed and he should proceed to make the registration requested by appellants.

In the appeal of Juan de la Santa Reyes it is alleged that:

4.—The Registrar committed error in refusing to record the will because the property did not appear previously recorded in favor of the heirs of Doña María Vicenta Carrasquillo, and because, moreover, the will executed in Humacao by Doña María Vicenta Carrasquillo was void.

In the discussion of the appeal of Doña María Vicenta Carrasquillo we disposed of the contention of nullity of her will.

As to the lack of registration in favor of the heirs of Doña María Vicenta Carrasquillo it should be noted that it is only necessary that the real property be recorded in their favor, if they were to convey such property to Juan de la Santa's heirs. To that effect Art. 20 of the Mortgage Law (30 L.P.R.A. § 45) provides, "In order to permit the record of or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record." It is the so-called principle of successive performances.

In the instant case the heirs of Doña María Vicenta Carrasquillo are not conveying any property. It is merely a question of the property which Don Juan de la Santa

Reyes has left as inheritance to his children and which according to the will consists of twenty-eight cuerdas of land more or less, that is, half of the property in question. The refusal of the registration on those grounds, therefore, did not lie.

5.—Appellant assigns that "the Registrar committed error in determining that it does not clearly appear from the Registry of Property [to] which of the two conjugal partnerships does the property belong."

In 1888 Don Juan de la Santa Reyes filed a proceeding to establish the possession of 56.5 cuerdas of land which he acquired in the Ward Mariana of Humacao during the years 1864 to 1887. In the registration of said proceeding it is said that he is married. It appears from the record that this gentleman was married to María Vicenta Carrasquillo on September 1, 1860, and that she died in April 1891, while still married to him. Mr. de la Santa married his second wife, Doña María Luisa Costa Lebrón on August 16, 1891, being a widower. Clearly he was married to his first wife when he acquired that property, for which reason said real property belongs to the first conjugal partnership. The aforesaid Registrar's determination is groundless.

6.—Appellant alleges that the Registrar committed error in indicating the existence of inaccuracies in the names of appellants' predecessor and his second wife.

The Registrar entered as a curable defect the discrepancy existing between the name of the second wife which appears in the marriage certificate and in Juan de la Santa's will as María Luisa Costa Lebrón, and in the death certificate of Juan de la Santa as Seferina Acosta.

Since appellant did not produce proof either by judicial or notarial certificate that the same person was involved, the Registrar was justified in entering the curable defect.

In the second appeal the Registrar shall record as requested with the curable defect of the aforesaid discrepancy of name.